**MYCALEX DIVISION OF SPAULDING FIBRE CO., INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 797-798, Dockets 72-2393, 73-1132.

United States Court of Appeals, Second Circuit.

Argued May 1, 1973.

Decided June 19, 1973.

Paul J. Spielberg, Washington, D. C. (Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Acting Asst. Gen. Counsel, Alan D. Longman, Atty., N. L. R. B., on the brief), for respondent.

Eugene H. Gordon, Solinger & Gordon, New York City, for petitioner.

Before FRIENDLY and HAYS, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

The single issue raised on this petition for review and cross-application for enforcement of an order of the National Labor Relations Board finding that the Company had violated Section 8(a)(5) and (1) of the NLRA by refusing to recognize and bargain with the Union is whether the Board erred in refusing to count one ballot marked in an irregular way in a representation election.

In February, 1972 the United Auto Workers filed a representation petition with the Board for a unit composed of all production and maintenance employees at the Mycalex Division of Spaulding Fibre Co., Inc. plant in Clinton, New Jersey. An election was scheduled and a notice of election was posted. The election was held on March 10. The ballot used in the election was in the customary form used in elections where only one union is involved and the voters are bi-lingual. The following is a sample copy of the ballot:

The ballot challenged in this petition contained no markings except the word "No" written on the "Yes" side of the ballot under the "Yes" square. We are

* Of the United States District Court for the District of Montana, sitting by designation.

presented with the question whether the Board abused its discretion in refusing to count this ballot as a vote against union representation. We think that the Board erred in ruling that the ballot should not be counted.

Board policy is to allow a ballot if there is a clear expression of preference, regardless of the irregularity of the mark on the ballot. Knapp-Sherrill Co., 171 NLRB 1547 (1968). The courts have consistently upheld this policy. NLRB v. Titche-Goettinger Co., 433 F.2d 1045 (5th Cir. 1970); NLRB v. Tobacco Processors, Inc., 456 F.2d 248 (4th Cir. 1972); NLRB v. Whitinsville Spinning Ring Co., 199 F.2d 585 (1st Cir. 1952). As the Regional Director correctly stated in his report in the instant case,

". . . under established Board precedents, a ballot will not be invalidated even if irregularly marked, if the marking clearly indicates the voter's choice."

The question raised in the instant case is whether the voter clearly indicated a preference against the union although he placed the word "No" on the "Yes" side of the ballot. We think he did.

Only one question was presented on the ballot—whether the voter wished to be represented by the union. In such a situation, the word "No" whether in the "Yes" column or on the reverse side of the ballot expresses a clear preference on the part of the voter. As the Fifth Circuit stated in *Titche-Goettinger, supra,* in which a ballot was counted where the word "No" appeared only on the reverse side of the ballot,

"The intent to reject Union representation is clear, considering that the only question asked on the ballot is 'Do you wish to be represented for purposes of collective bargaining by [the Union.]'"

In the instant case, the campaigning by management urged the worker to vote "No"; the campaign literature of the union urged the workers to vote "Yes." Consequently, the vote of "No" meant a vote against union representation, wherever the worker placed the word.

Enforcement denied.